IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRA L. O'BRIEN,<br><br>        Petitioner,<br><br>v.<br><br>STATE OF ILLINOIS,<br><br>        Respondent. | Case No. 3:22-CV-2685-NJR |

# ORDER

**ROSENSTENGEL, Chief Judge:**

      Petitioner Kendra L. O'Brien, an inmate incarcerated at Logan Correctional Center within the Illinois Department of Corrections, brings this action pursuant to 28 U.S.C. § 2554. O'Brien appears to challenge the length of her sentence imposed in White County, Illinois, in *People v. O'Brien*, Case No. 21CF107, although she also references two other criminal cases: 19CF9 and 20CF9. As far as the Court can tell, O'Brien claims she received a six-year sentence for a felony that carries a sentence of two to five years, despite being on "probation" for two years prior to sentencing.

      This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

      The grounds for O'Brien's petition are unclear, and the Court cannot determine based on her allegations whether she may be entitled to relief. O'Brien states in her first ground in

support of her Petition that she "signed extradition papers to go to Illinois first since sentenced there first. I got same lawyer as co-defendant and judge brother stalked niece had restraining orders against him." (Doc. 1 at p. 6). She also states that she did not get tried fairly on her open plea. For her second ground, O'Brien states: "My lawyer told me the states attorney has it out for me because made fun of him in school." (*Id.*). In her third ground, O'Brien asserts she was on probation for two years and was required to drug test twice a week, but that time was not counted when she ultimately was sentenced. (*Id.*). In ground four, O'Brien states: "had 3 different warrants for same thing but one failed to appear on escape and only charged me for on cases not both for escape." (*Id.* at p. 7). As relief, she asks the Court to have her transferred to Illinois and the charges dropped or time reduced. (*Id.*).

It is also unclear whether O'Brien has exhausted her administrative remedies. O'Brien claims that she has appealed, but that the White County court said it has no jurisdiction to address the matter of her transfer from Indiana to Illinois. (*Id.* at p. 2). She also claims she appealed to the Illinois appellate court but that there was no result. (*Id.* at p. 3). Finally, she asserts that she appealed to the Illinois Supreme Court but was told she had to wait and go through the lower courts. (*Id.*).

O'Brien has failed to provide sufficient information for the Court to determine whether there is any basis under § 2254 for the relief requested. The Court also notes, based on her current mailing address and IDOC records, that O'Brien has been transferred from Indiana to the Illinois Department of Corrections since filing her Petition. Thus, at least part of her request for relief is now moot. Finally, the Court observes that O'Brien did not sign or date her Petition under penalty of perjury, as required on the last page of the form.

For these reasons, the Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**

**without prejudice**. If O'Brien wishes to pursue this habeas action further, she must file an Amended Petition, on or before **February 6, 2023**, setting forth the facts and law that support her request for relief and describing any efforts she has made to exhaust her claims in Illinois, including the appellate case numbers. The filing should be labeled "Amended Petition" and list case number 22-cv-2684-NJR on the first page. O'Brien also must sign and date the Amended Petition under penalty of perjury, as required on the last page of the form.

To assist O'Brien in complying with this Order, the Clerk of Court is **DIRECTED** to provide her with a blank form for Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. O'Brien is **WARNED** that failure to comply with this Order will result in the dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure.

O'Brien is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court informed of any change in her address. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in the dismissal of this action for want of prosecution. See Fed. R. Civ. P. 41(b).

Finally, on January 3, 2023, O'Brien filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 3). However, the Court also received her $5 filing fee on the same day. Therefore, her motion to proceed without prepayment of fees or costs is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:   January 5, 2023

*(signature)*

NANCY J. ROSENSTENGEL
**Chief U.S. District Judge**