**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**KENDRA L. O'BRIEN,**

**Petitioner,**

**v.**                                            **Case No. 3:22-CV-2685-NJR**

**STATE OF ILLINOIS,**

**Respondent.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on preliminary review of the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Petitioner Kendra L. O'Brien. (Doc. 7). Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

O'Brien is an inmate incarcerated at Logan Correctional Center within the Illinois Department of Corrections. In her amended petition, O'Brien states that she is challenging three judgments of conviction entered in White County, Illinois. (Doc. 7). In 2019CF140, O'Brien was sentenced to three years in prison for aggravated battery. (*Id.*). In 2020CF9, O'Brien was sentenced to five years in prison for delivery of methamphetamine. (*Id.*). And, in 21CF107, O'Brien was sentenced to six years in prison

for felony failure to return from furlough. (*Id.*).

As with O'Brien's initial petition, the grounds for relief presented in her amended petition are unclear. As Ground One for relief, O'Brien states: "I was sentenced after passed all drug test 2 yrs. on open plea had same attorney as co-defendant [and] judge's brother used to date niece beat her. I asked to withdraw plea lawyer with[drew] that." (*Id.*). As Ground Two for relief, she states: "I served 2 yrs. in Indiana IDOC but was sentenced in Illinois first was arrested in Indiana on IL warrant signed extradition papers time there should count here because should've did time here first." (*Id.*) In Ground Three, O'Brien states: "Lawyer said if didn't take plea get a lot longer. My co-defendant got 2 yrs. and asked to see motion discovery lawyer who was co-defendant's lawyer also said he didn't have it he didn't even see it." (*Id.*) As Ground Four, she states: "Also had sentencing hearing yr. before sentenced. The states attorney even my lawyer said has problem with me was out to get me for some reason I believe because was mean to him when teenagers tried to date me." (*Id.*)

Regardless of the merits of O'Brien's petition, the court finds that it must be dismissed. "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1), (c)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* at 842. "The exhaustion requirement provides the State an opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013) (quotations omitted).

To satisfy the statutory exhaustion requirement, "a petitioner must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014)). "The complete round rule means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* (citation omitted). In Illinois, that includes a petition for leave to appeal to the Illinois Supreme Court. *Id. Soto v. Truitt*, No. 96 C 5680, 2023 WL 112585, at *8 (N.D. Ill. Jan. 5, 2023) (citing *O'Sullivan*, 526 U.S. at 845).

Here, O'Brien states that she is awaiting decisions on her appeals, and a review of the state court dockets confirms that all three state court cases have active appeals pending. Indeed, it appears that, just days ago, O'Brien was appointed counsel on appeal in 2020CF9 and 2019CF140. Accordingly, her claims must be dismissed without prejudice to allow for exhaustion in state court.

## CONCLUSION

For these reasons, the Amended Petition Under 28 U.S.C. § 2254 for Writ for Habeas Corpus filed by Petitioner Kendra L. O'Brien (Doc. 7) is **DENIED without prejudice**.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, no reasonable jurist would find it debatable that this Court's ruling on the issue of exhaustion is correct. Accordingly, the Court denies a certificate of appealability. O'Brien may reapply to the United States Court of Appeals for the Seventh Circuit for a certificate of appealability if she wishes to pursue an appeal. See FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

**IT IS SO ORDERED.**

**DATED:  April 4, 2023**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**